IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                         **Case No. 4:19-cr-00521 KGB**

**WILLIE SMITH, III**                                                                                **DEFENDANT**

**ORDER**

Before the Court is defendant Willie Smith's objection to his Presentence Investigation Report ("PSR"). On July 7, 2022, this Court convened a sentencing hearing (Dkt. Nos. 72–74). At that hearing, Mr. Smith and counsel for the government appeared and presented argument to the Court regarding Mr. Smith's objection to the PSR.

Mr. Smith pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) pursuant to a plea agreement between Mr. Smith and the government (Dkt. Nos. 59–61). In the draft PSR, Mr. Smith's base offense level is calculated as a 24 under the United States Sentencing Guidelines ("U.S.S.G.") because the draft concludes that Mr. Smith committed the offense of conviction after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, specifically the convictions in Dkt. Nos. 12-3182 and 12-3375 (PSR, ¶ 11). Mr. Smith was convicted in 2013 in Pulaski County, Arkansas, Circuit Court of aggravated assault in Dkt. No. 12-3182 (PSR, ¶ 30). Mr. Smith was convicted in 2013 in Pulaski County, Arkansas, Circuit Court of domestic battery in the second degree and possession of a defaced firearm in Dkt. No. 12-3375 (PSR, ¶ 31). In the Addendum to the PSR, Mr. Smith asserted objections to both predicate offenses being assessed as a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2).

At the July 7, 2022, sentencing hearing, Mr. Smith withdrew his objection to the determination that his conviction in Pulaski County, Arkansas, Circuit Court of aggravated assault

in Dkt. No. 12-3182 was properly characterized as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(2) (PSR, ¶ 30). He concedes this prior conviction was properly characterized.

At that hearing, Mr. Smith maintained his objection to whether his conviction in Pulaski County, Arkansas, Circuit Court of domestic battery in the second degree in Dkt. No. 12-3375 (PSR, ¶ 31) was properly characterized as a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2).[1] Mr. Smith presented to the Court an unpublished Arkansas decision, *Brown v. State*, CA CR-81-1, 1981 WL 1048 (Ark. 1981), that Mr. Smith contended supported his argument that Arkansas Code Annotated § 5-26-304 is not divisible. The Court recessed the July 7, 2022, sentencing hearing to consider these matters. The government filed a written response with exhibits to Mr. Smith's objection (Dkt. No. 75).

The government maintains that in *United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2006), the Eighth Circuit Court of Appeals determined that the Arkansas second degree battery statute is divisible, and the government asserts that controlling language of the domestic battery statute under which Mr. Smith was convicted tracks the second degree battery statute examined by the Court in *Rice*, with the only difference being the requirement that domestic battery involve a family or household member victim (Dkt. No. 75, at 1). The government also observes that the Eighth Circuit held in *United States v. Starks*, 674 Fed. Appx. 580, 582 (8th Cir. 2016), and reaffirmed in *United States v. Moore*, 713 Fed. Appx. 511, 514 (8th Cir. 2017), that Arkansas's third degree domestic battering statute is divisible and a crime of violence (Dkt. No. 75, at 1-2). The government asks the Court to recognize that the Eighth Circuit's reasoning with respect to second

---

[1] In Dkt. No. 12-3375, Mr. Smith also was convicted in Pulaski County, Arkansas, Circuit Court of possession of a defaced firearm (PSR, ¶ 31). This offense is not characterized as a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2) and is not at issue in this Court's analysis.

degree battery and third degree domestic battery under Arkansas law applies to Mr. Smith's conviction in Pulaski County, Arkansas, Circuit Court of domestic battery in the second degree in Dkt. No. 12-3375 (PSR, ¶ 31) and that this prior offense was properly characterized as a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2).

For purposes of this analysis, "[t]he term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ." U.S.S.G. § 4B1.2(a). To determine whether Arkansas domestic battering in the second degree is a crime of violence, if the Court applies the categorical approach, the Court looks "categorically, at the generic elements of the offense," not the facts of Mr. Smith's prior conviction. *United States v. Doyal*, 894 F.3d 974, 975 (8th Cir. 2018). If the generic elements of the offense incorporate some elements that fail to qualify as violent, the statute is described as overinclusive and may not constitute a crime of violence. However, if the statute of conviction contains alternative elements, it is divisible, and the Court uses a modified categorical approach to determine which statutory element was the basis of the conviction by consulting a limited universe of trial records such as charging documents, plea agreements, and verdict forms. *Id.* The modified categorical approach may not be used when a statute specifies various *means* of fulfilling the crime's elements. *Id.* When a statute lists alternative means, one of which does not fall within the force clause, a prior conviction for that offense is not a crime of violence. *Id.*

Having studied the legal authorities cited and adopting the cited reasoning of the Eighth Circuit, the Court determines that Arkansas Code Annotated § 5-26-304 is divisible and applies the modified categorical approach. Applying the modified categorical approach, the Court

3

determines that the subsection of the statute under which Mr. Smith was convicted has as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).  The government provided the charging document and sentencing order for this prior conviction (Dkt. Nos. 75-1; 75-2).  For these reasons, the Court overrules Mr. Smith's objection to his prior conviction in Pulaski County, Arkansas, Circuit Court of domestic battery in the second degree in Dkt. No. 12-3375 (PSR, ¶ 31) being characterized as a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2).

    It is so ordered this the 13th day of December 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge